Ginger **WENTWORTH**, Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner, Commissioner of Social Security, Defendant—Appellee.

No. 02–35418.

D.C. No. CV–00–5560–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided Aug. 1, 2003.

---

Before REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM**

Ginger Wentworth appeals the district court's order affirming the Commissioner of Social Security's decision to deny her disability benefits.[1] We reverse and remand for a hearing before a new Administrative Law Judge ("ALJ").

---

\* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

The ALJ did not "accord any weight to Dr. Brown's opinion" that Wentworth was severely disabled. Wentworth argues that the ALJ failed to give proper weight to the determination of Dr. Brown, a treating physician.

The ALJ gave three reasons for discounting Dr. Brown's opinion. First, he noted that Dr. Brown found that Wentworth suffered from cold weather intolerance, restless leg, cognitive disorder and fevers and held that there was no evidence of these problems elsewhere in the record. Second, he stated that "[a]s usual," Dr. Brown cited only a few medical studies while leaving out other studies that the ALJ deemed important. Finally, the ALJ stated that "Brown, in short is, a plaintiff's doctor who reports what he is paid to say, i.e., disability."

Because Dr. Brown's opinion conflicts with the opinions of both Dr. Anderson and Dr. Jump, the ALJ could reject his opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

Although the ALJ's first reason for discounting Dr. Brown's testimony may be viewed, on its own, as "specific and legitimate," we hold that the other two reasons given by the ALJ are illegitimate and indicate a bias against Dr. Brown that casts serious doubt on the ALJ's ability to view Dr. Brown's opinion objectively. The ALJ's conclusions that Dr. Brown, "[a]s usual," neglected to cite two particular studies and that he is "a plaintiff's doctor who reports what he is paid to say, i.e., disability," are both unsupported by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

record and indicative of a bias against Dr. Brown, presumably based on past experience with the doctor. The ALJ should not have based his opinion on past activity by Dr. Brown that was not in the record. *See Reed v. Massanari,* 270 F.3d 838, 843–44 (9th Cir.2001) (holding that it was improper for the ALJ to reject opinions of doctors based on past decision that were not examined on the record); *see also Lester,* 81 F.3d at 832 (holding that an ALJ "may not assume that doctors routinely lie in order to help patients collect disability benefits" (quoting *Ratto v. Secretary,* 839 F.Supp. 1415, 1426 (D.Or.1993))).

This reliance on illegitimate factors is not rendered harmless by the fact that the ALJ may have provided a "specific and legitimate" reason for rejecting Dr. Brown's opinion. The nature of the improper factors relied upon by the ALJ indicates that he was prejudiced against Dr. Brown and may not have given Dr. Brown's opinion the weight it was due. "Because the ALJ mistrusts, based on prior experience, the evaluations of [Dr. Brown], he [may] not be able to assess fairly [his opinion]." *Reed,* 270 F.3d at 845. Although the ALJ's first reason for discounting Brown's opinion, when viewed in isolation, could have been sufficient to support the decision, it did not mandate it in light of the ALJ's bias. Had the ALJ not been biased against Dr. Brown, he might have decided to credit Brown's opinion and the results of the hearing would have been different.

"In order for [Wentworth] to get a fair hearing, the case must be heard by an ALJ who can fairly consider the opinion[ ] of [Dr. Brown]." *Id.* We therefore reverse and remand to the district court with directions to remand to the Social Security Administration with instructions that the matter be assigned to a different ALJ for a new determination of Wentworth's disability status.[2]

The judgment of the district court affirming the Commissioner's decision is

**REVERSED** and **REMANDED.**

---

2. Because we conclude that the ALJ's improper treatment of Dr. Brown's opinion requires a new hearing, we do not reach Wentworth's other challenges to the ALJ's decision.